## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMIE COLUCCI and<br>MICHAEL COLUCCI, her husband,<br><br>            Plaintiffs,<br><br>v.<br><br>THE GAP, INC. i/t/d/b/a OLD NAVY;<br>OLD NAVY, LLC; and<br>PLAZA POINTE, LLC,<br><br>            Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, Tammie Colucci, and Michael Colucci, her husband, by and through their undersigned counsel, file the following Complaint against Defendants The Gap, Inc. i/t/d/b/a Old Navy, Old Navy, LLC, and Plaza Pointe, LLC.

## THE PARTIES

1.      Plaintiffs, Tammie Colucci and Michael Colucci, are married adult individuals residing in McKees Rocks, Allegheny County, Pennsylvania.

2.      Defendant The Gap, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in the State of California located at Two Folsom Street, San Francisco, California.

3.      Upon information and belief, Defendant The Gap, Inc. operates and conducts business under the name of Old Navy and operates Old Navy retail stores throughout Allegheny County and the Commonwealth of Pennsylvania.

4.      Defendant Old Navy, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business in the State of California located at Two Folsom Street, San Francisco, California.

5.      Upon information and belief, Defendant Old Navy, LLC operates and conducts business under the name of Old Navy and operates Old Navy retail stores throughout Allegheny

County and the Commonwealth of Pennsylvania.

6.     Upon information and belief, there are no individual members of Old Navy, LLC who are citizens of the Commonwealth of Pennsylvania, and there are no juristic members of Old Navy, LLC that are organized or exist under the laws of the Commonwealth of Pennsylvania or maintain a principal place of business in the Commonwealth of Pennsylvania.

7.     Defendant Plaza Pointe, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business located at 20 South Clark Street, Suite 3000, Chicago, Illinois.

8.     Upon information and belief, Plaza Pointe, LLC owns and operates commercial retail properties in Allegheny County and the Commonwealth of Pennsylvania, including the property commonly known as "Plaza at the Pointe," located at 100-190 Quinn Drive, Pittsburgh, Pennsylvania.

9.     Upon information and belief, there are no individual members of Plaza Pointe, LLC who are citizens of the Commonwealth of Pennsylvania, and there are no juristic members of Plaza Pointe, LLC that are organized or exist under the laws of the Commonwealth of Pennsylvania or maintain a principal place of business in the Commonwealth of Pennsylvania.

10.     Defendants The Gap, Inc. i/t/d/b/a Old Navy, Old Navy, LLC, and Pointe Plaza, LLC are hereinafter collectively referred to as "Defendants."

**JURISDICTION AND VENUE**

11.     This Court has personal jurisdiction over Defendants pursuant to 42 Pa. C.S. § 5322 because each has, individually and in concert with the others, (a) transacted business in the Commonwealth of Pennsylvania, (b) offered to and contracted to supply goods or services in the Commonwealth of Pennsylvania, (c) caused harm or tortious injury in the Commonwealth of Pennsylvania by an act or omission in the Commonwealth of Pennsylvania, and/or (d) having an interest in, using, or possessing real property in the Commonwealth of

Pennsylvania.

12.     This Court has subject matter jurisdiction over Plaintiffs' claims against Defendants within the meaning of 28 U.S.C. §1332 because: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events and omissions giving rise to Plaintiffs' claims against Defendants occurred in this District.

## FACTUAL BACKGROUND

14.     On or about February 20, 2018, Plaintiff Tammie Colucci was shopping inside the retail store identified as "Old Navy" and located in the Plaza at the Pointe retail shopping complex and more specifically located at 180 Quinn Drive, Coraopolis, Allegheny County, Pennsylvania (hereinafter referred to as "Old Navy Store").

15.     Plaintiff Tammie Colucci was shopping in the Old Navy Store in a normal and prudent manner when she suddenly and unknowingly encountered a sign that was hanging over a display.  The sign fell/dislodged and struck her right eye and the surrounding area of her right eye, right eye lid and right side of her face, causing serious injuries and damages as hereinafter set forth (hereinafter the "Subject Incident").

16.     Upon information and belief, Defendants The Gap, Inc. i/t/d/b/a Old Navy, Old Navy, LLC, and Pointe Plaza, LLC each owned an interest in and/or operated the Old Navy Store on February 20, 2018.

17.     At all times relevant, Plaintiff Tammie Colucci was a business invitee of Defendants while in the Old Navy Store.

18.     At all times relevant, Defendants were responsible for the maintenance of the Old Navy Store, including the signage and/or displays in the interior of the business.

19.     At all times relevant, Defendants were responsible for the care, control, custody, maintenance, and/or supervision of the Old Navy Store and the signage and/or displays of the business.

20.     At all times relevant, Defendants were acting directly and/or by and through their duly authorized agents, servants, employees, representatives and/or assigns.

21.      At all times relevant, Defendants' duly authorized agents, servants, employees, representatives and/or assigns were acting within the course of their employment and the scope of their authority.

22.     At the time of the Subject Incident, the signage and/or displays in the Old Navy Store constituted a dangerous condition for the reasons set forth in more detail below.

23.     At all times relevant, Defendants had actual and/or constructive knowledge that the signage and/or displays created a hazardous, dangerous, and/or defective condition for invitees in the Old Navy Store.

24.     Defendants knew or should have known of the existence of the aforementioned dangerous condition.

25.     Defendants failed to remedy the aforementioned dangerous condition.

26.     Defendants caused and/or created the aforementioned dangerous condition.

27.     Defendants permitted the aforementioned dangerous condition to exist.

28.     Defendants failed to adequately warn business invitees of the aforementioned dangerous condition.

## COUNT I – NEGLIGENCE

## TAMMIE COLUCCI v. ALL DEFENDANTS

29.     Each of the above paragraphs is incorporated herein by reference.

30.     The Subject Incident and Plaintiffs' resulting injuries and damages were caused and/or contributed to by the negligence, carelessness, and/or recklessness of Defendants,

independently, jointly, and/or severally, in general and in the following particulars:

a.   In failing to properly fasten the display sign to keep if from falling on customers in the Old Navy Store;

b.   In failing to properly fasten the display sign to keep if from falling on customers in the Old Navy Store, when Defendants knew or should have known that the display sign would likely be bumped or jostled by customers in regular the course of shopping;

c.   In failing to properly inspect the display sign to keep if from falling on customers in the Old Navy Store;

d.   In failing to properly inspect the display sign to keep if from falling on customers in the Old Navy Store, when Defendants knew or should have known that the display sign would likely be bumped or jostled by customers in regular the course of shopping;

e.   In failing to properly maintain the display sign to keep if from falling on customers in the Old Navy Store;

f.   In failing to properly maintain the display sign to keep if from falling on customers in the Old Navy Store, when Defendants knew or should have known that the display sign would likely be bumped or jostled by customers in regular the course of shopping;

g.   In placing the display sign in an area where Defendants knew or should have known that the display sign would likely be bumped or jostled by customers in regular the course of shopping;

h.   In placing the display sign in an area where Defendants knew or should have known that the display sign would likely be bumped or jostled by customers who were acting reasonably and prudently;

i.   In creating a dangerous, defective, and/or hazardous condition in the Old Navy Store;

j.   In creating a dangerous, defective, and/or hazardous condition of the signage and/or displays in the Old Navy Store, which was known to be a high traffic area for customers;

k.   In permitting a dangerous, defective, and/or hazardous condition in the Old Navy Store to exist;

l.   In permitting a dangerous, defective, and/or hazardous condition in the Old Navy Store to exist, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for Plaintiff;

m.   In failing to correct a dangerous, defective, and/or hazardous condition in the Old Navy Store;

5

n.   In failing to correct a dangerous, defective, and/or hazardous condition in the Old Navy Store, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for Plaintiff;

o.   In failing to maintain safe areas in the Old Navy Store;

p.   In failing to maintain safe areas in the Old Navy Store, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for Plaintiff;

q.   In failing to properly inspect the property, so as to discover the presence of a dangerous, defective, and/or hazardous condition with the signage and/or displays in the Old Navy Store;

r.   In failing to properly inspect the property, so as to discover the presence of dangerous, defective, and/or hazardous condition in the Old Navy Store, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for Plaintiff;

s.   In failing to warn and/or adequately warn business invitees of the dangerous, defective, and/or hazardous condition in the Old Navy Store;

t.   In failing to warn and/or adequately warn business invitees of the dangerous, defective, and/or hazardous condition in the Old Navy Store, when Defendants knew, or should have known, of the risk, hazard, and danger such condition created for Plaintiff; and

u.   In otherwise failing to provide a safe shopping environment in the Old Navy Store for business invitees.

20.   As a direct result of the Defendants' conduct as discussed above and the negligence, carelessness, and/or recklessness of the Defendants, independently, jointly, and/or severally, Plaintiff Tammie Colucci suffered, among other things, the following injuries:

a.   Severe injury to her right eye causing recurrent erosion of her cornea; punctate keratitis of her right eye;

b.   Compromised vision, blurred vision, burning, watering, pinching and redness in her right eye;

c.   Laceration to her right eye lid and eye areas surrounding her right eye;

d.   Scarring and/or disfigurement to her right eye, eye lid and areas surrounding her right eye;

e.   Severe injury to her right eye, eye lid and areas surrounding her right eye;

6

f.      Severe pain and discomfort in her right eye, eye lid and areas surrounding her right eye;

g.      Severe emotional distress and shock to her nerves and nervous system;

h.      Other injuries and/or damages recoverable at law; and

i.      Some or all of the above may be permanent in nature.

21.     As a result of the Defendants' conduct as discussed above and the aforesaid incident, Plaintiff Tammie Colucci suffered, among other things, the following damages:

a.      She has incurred in the past, and will incur in the future, substantial medical expense;

b.      She has suffered in the past, and will suffer in the future, substantial pain, suffering, and inconvenience and the loss of certain ordinary pleasures of life;

c.      She has sustained in the past, and will sustain in the future, substantial scarring and disfigurement; and,

d.      She has sustained in the past, and will sustain in the future, other emotional, economic, and physical harm.

**WHEREFORE**, Plaintiff Tammie Colucci demands judgment against Defendants, independently and/or jointly and severally, including without limitation, an award of damages, fees, costs, and interest, in an amount in excess of the jurisdictional limits of this Court and for all other relief that the Court deems just and proper.

## COUNT II – LOSS OF CONSORTIUM

## MICHAEL COLUCCI v. DEFENDANTS

22.     Each of the above paragraphs is incorporated herein by reference.

23.     At all times relevant hereto Plaintiff Michael Colucci was married to, and resided with, Plaintiff Tammie Colucci.

24.     As a result of the injuries to his spouse, Plaintiff Michael Colucci has lost the society, comfort and services of his spouse.

25.     As a result of the injuries to his spouse, Plaintiff Michael Colucci has in the past and/or may in the future be required to expend substantial sums of money for his wife's medical and other health-care expenses.

**WHEREFORE**, Plaintiff Michael Colucci demands judgment against Defendants, independently and/or jointly and severally, including without limitation, an award of damages, fees, costs, and interest, in an amount in excess of the jurisdictional limits of this Court and for all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Tammie Colucci and Michael Colucci demand a Jury Trial on all issues so triable.

Dated: December 3, 2019

/s/ Russell J. Bopp
Bryan S. Neiderhiser, Esquire
Sup. Ct. ID #81496
bneiderhiser@marcusandmack.com

Russell J. Bopp, Esquire
Sup. Ct. ID #320832
rbopp@marcusandmack.com

MARCUS & MACK, P.C.
57 South Sixth Street
P.O. Box 1107
Indiana, PA 15701
724-349-5602 (t)
724-349-8362 (f)

*Attorneys for Plaintiffs*
*Tammie Colucci and Michael Colucci*